NATHAN SATTERTHWAITE, Trustee of MARY ANN RECK-
LESS, v. WILLIAM I. EMLEY et al.

Equity will enforce a post nuptial settlement made in pursuance of a parol
ante-nuptial agreement.

Such settlement cannot be considered voluntary.

The declarations of the husband, made during coverture, and shortly before
the execution of the settlement, are not evidence of the ante-nuptial agree-
ment.

Nor will a recital of such agreement in the deed of settlement, be evidence
of the agreement, except as against the husband and persons claiming un-
der the settlement.

A deed of settlement made by a husband in favor of his wife, after marriage,
in pursuance of an alleged parol ante-nuptial agreement, there being no
proof of such agreement but the declarations of the husband and the recital
in the deed, held void as against the creditors of the husband, whose debts
were in existence at the date of the deed.

*Kinsey* and *H. W Green*, for complainant.

*Dayton* and *Vroom*, for defendants.

THE CHANCELLOR. The bill in this case sets forth that
the defendant, Mary Ann Reckless, then Mary Ann Pa-
trick, on or about the second of October, eighteen hundred and
thirty-seven, intermarried with the defendant, Joseph W. Reck-
less. That prior to the marriage it was agreed between them,
that certain real and personal estate of which she was then
seized and possessed, should be conveyed and assigned to cer-
tain uses and trusts, and subject to certain powers and limita-
tions, in the said bill mentioned, part of which were to provide
for the enjoyment of the property by the said Mary Ann, to
her sole, separate use during the coverture.

That afterwards, the defendant, Reckless, represented to his
wife, that in the event of her death he would derive no benefit
from her estate ; that she could not make a will ; and that they

would convey it to a trustee, pursuant to the ante-nuptial agree-ment, as soon as they could agree upon one, and induced her to unite with him in a deed to his son Joseph, who was to immediately reconvey the property to his father.

Accordingly, on the thirty-first of July, eighteen hundred and thirty-nine, Joseph W. Reckless and his wife, executed their deed to Joseph W. Reckless, junior, conveying to him in fee, all the real estate of the wife ; and Joseph W. Reckless, junior, at the same time, reconveyed the same to his father, by deed dated first of August, eighteen hundred and thirty-nine.

That these deeds were kept by the defendant, Reckless, in his trunk, until the first of March, eighteen hundred and forty-one, when his son Anthony found them, and put them on record.

That on the eleventh of June, eighteen hundred and forty-two, Reckless and wife made a deed of trust of the same prem-ises, to Nathan Satterthwaite, the other complainant, in consider-ation of the ante-nuptial agreement, and in conformity there-with, and reciting the same.

That subsequently to the marriage, divers judgments were obtained against Reckless, upon which all his own property was sold, and writs of *testatum fi. fa.* were then issued and levied upon the property of the wife, and a part thereof sold by virtue of the older judgment, leaving a surplus. Application was made to the supreme court by the creditors, for an order appropriating the surplus to the next execution.

That the supreme court declined making such order, but directed the money to be retained in court, until the validity of the trust deed could be tested by suit in this court.

The bill prays that the trust deed may be declared valid against Reckless and all other persons claiming under him, and against the defendants, and that the sale of the residue of the property may be perpetually restrained.

This case involves the interesting question of the validity of a post-nuptial settlement made in pursuance of a parol ante-nuptial agreement.

[Satterthwaite v. Emley et al.]

And if such ante-nuptial agreement were fairly shown, I should be inclined to give validity to the settlement, in pursuance of it.

Such settlement could not be considered voluntary, but upon a good and valuable consideration, to wit, the marriage, and the conveyance of all the wife's estate.

But there is no satisfactory evidence of such agreement.

The declarations of the husband, made during coverture, and shortly before the conveyance by the wife and himself to his son, are not sufficient. To allow such evidence would be dangerous in the extreme, and would enable any person who might be willing to make such a declaration, to defraud his creditors. In *Reade* v. *Livingston,* 3 *John. C. R.* 488, similar declarations of a husband were regarded as insufficient to support a settlement. See also *Atherly on Marriage Settlements,* 148; *Randal* v. *Morgan,* 12 *Vesey,* 74.

Equally dangerous would be the admission of the recital of such agreement in the deed of settlement, as evidence of the agreement. It is true, that efforts have been made in courts of equity, to sustain settlements purporting to be founded upon a parol ante-nuptial agreement, recited in the deed: *Dundas* v. *Dutens,* 2 *Cox,* 235; *S. C.* 1 *Vesey,* 196. But if allowed, I see no reason why any fraudulent creditor may not avoid the statute in any case, by a mere recital in his deed, of an ante-nuptial agreement. In *Reade* v. *Livingston,* chancellor Kent doubted much whether a post-nuptial settlement could be held valid against creditors, by the mere force and effect of a recital in it of a prior parol agreement. In *Battersbee* v. *Farrington,* 1 *Swans.* 106; 1 *Wilson,* 88, it was held that such recital was conclusive against all persons claiming under the settlements, but not evidence against the creditors, without other distinct proof.

Reason and policy, I think, demand other proof than such recital.

However desirable it may be to secure to this li..... perty, which she had a right to expect would have been sec...

[Satterthwaite v. Emley et al.]

red to her, I feel constrained to say that the deed of trust to Satterthwaite is void as against the creditors, all of whose debts were in existence at the date of that deed.

As against the husband and all claiming under him, except such creditors, the deed is valid, and the trusts therein contain-ed must be fulfilled and executed.